UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

IN RE:   

CASE NO. 13-10406GVL1
CHAPTER 7

TUSCAWILLA HILLS DEVELOPMENT, INC.
        Debtor.
_____/

**MOTION TO SELL REAL PROPERTY FREE AND
CLEAR OF LIENS, ENCUMBRANCES AND INTERESTS WITH CONSENT
OF FIRST LIEN HOLDER**

(635 NW 13TH Street, Units A, B and C, Gainesville, FL. 32602, 1247 NW 7th Ave, Gainesville, FL. 625, 637 NW 12th Drive, Gainesville, FL., including parcels nos: 14054-000-000, 14062-000-000, 14062-001-000, 14062-002-000, 14062-003-000; comprising of the "commercial property.")

COMES NOW, Theresa M. Bender, Trustee, moves for the authority to sell certain improved real property free and clear of all liens, encumbrances and interests, and in support thereof states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b) (2) (A), (M), (N) and (O).

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The basis for the relief requested herein are, *inter alia*, 11 U.S.C. §§ 105, 363, 506, and Federal Rules of Bankruptcy Procedure 2002 and 6004, and Local Rules 6004-1 *(Negative Notice is provided in contemporaneously filed Notice of Intent to Sell per Local Rule 6004-1(c))*.

**BACKGROUND**

4. On December 23, 2013, the Debtor commenced this case by filing a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code (the "Petition Date"). The Debtor is an "S" Corporation filed under the laws of the State of Florida.

5. Theresa M. Bender was appointed chapter 7 trustee (the "Trustee"). On January 24, 2014, this Court granted the Trustee an "operating order." (Doc. 17)

6. The Debtor owns interest incommercial real property, by virtue of a deed, , more particularly located at 635 NW 13TH Street, Units A, B and C, Gainesville, FL. 32602, 1247 NW 7th Ave, Gainesville, FL. 625, 637 NW 12th Drive, Gainesville, FL., including parcels nos: 14054-000-000, 14062-000-000, 14062-001-000, 14062-002-000, 14062-003-000 (the "Commercial Property").

7. The Property is not homestead, the Debtor does not claim the Property as exempt, and the Debtor has surrendered the Property accordingly.

8. The Trustee has accepted an cash offer in the amount of **$850,000.00** from Alex Reece or assigns ("purchaser") to purchase the Property free and clear of liens and encumbrances. Mr. Reece has placed a deposit of $50,000 into escrow to bind his offer. There are no Purchaser contingencies with the exception of a 60 day due diligence period. The contract states the closing will occur on June 26, 2014. The parties expect to close no later than June 30, 2014.

9. SunTrust Bank holds first mortgage reduced to Judgment on the Property. The HUD and Settlement Statement Addendum prepared by the closing agent for settlement date of June 30, 2014, has calculated the balance due to be approximately $583,390.87. SunTrust, through counsel of record, Jeffrey R. Dollinger, has reviewed both the contract and proposed HUD and Addendum, and have expressed their consent of this sale to the Trustee

10. The Trustee has performed a title search. Any and all other liens and encumbrances that are noted on the public records for Alachua County and this bankruptcy will be paid in full as set forth in the HUD and Addendum, thereby satisfying these obligations, and releasing the liens and encumbrances.

11. There was another offer presented to the Trustee. While that offer was greater, it was a non-cash offer with only a $15,000.00 binding deposit, and included additional contingencies. (This particular offer stalled numerous times and resulted in the filing of this Chapter 7). The offer accepted by the Trustee is the only viable offer presented to the Estate, which met the restrictions and deadlines imposed by this Court, and reduced the exposure of this Trustee and Estate to additional costs, expenses, and liabilities. The Trustee believes this contract is a fair offer and one which best serves the interest of

2

the Estate. The price negotiated is the same value as that which was offered prior to the initiation of this Chapter 7 filing.

12. The Estate expects to net approximately $127,000.00 from the sale. The net proceeds is contingent upon any additional costs and expenses to close and satisfy the liens and encumbrances.

13. The Trustee has reviewed the HUD. The real estate commission, title and attorney's fees, and recording fees and taxes, and county real estate taxes are to be paid at time of closing from the sale proceeds.

14. The sale of this Estate property is beneficial to the estate as the sale shall payoff the secured claim and provide funds for a pro-rata distribution to the remaining allowed unsecured claims. Time is of the essence.

## **AUTHORITY TO SELL**

15. Pursuant to § 363(b)(1) of the Bankruptcy Code, a trustee, after notice and hearing, may use, sell or lease property of the Estate other than in the ordinary course of business. Additionally, pursuant to § 363(f) of the Bankruptcy Code, the trustee may sell property free and clear of any interest in such property of an entity other than the Estate if (i) permitted under applicable non-bankruptcy law, (ii) the party asserting such interest consents, (iii) the interest is a lien and the purchase price of the property is greater than the aggregate amount of all liens on the property, (iv) the interest is subject of a bona fide dispute, or (v) the party asserting the interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest.

16. Section 363(f) of the Bankruptcy Code is stated in the disjunctive. Thus, it is only necessary for the Trustee to satisfy one of the five conditions of § 363(f).

17. The Trustee avers that she has satisfied section 363(f)(ii) insofar as the parties asserting their interests have consented to this sale and have agreed to accept the payments and/or Trustee's Deed outlined above as money satisfaction for such interest under section 363(f)(2). In addition, the Trustee satisfies 363(f)(iii) as the sale of the property is greater than the aggregate amount of all liens on the property, including the lien interest held by SunTrust Bank. Consequently, the Trustee should be

authorized to sell her interest in the Property free and clear of all liens, claims, encumbrances and interests. *The Trustee has contemporaneously filed a Notice of Intent to Sell (with negative notice) the aforesaid property free and clear with this Court and served it upon the creditors and interested parties.*

## CONCLUSION

18.  The Trustee, in the exercise of her business judgment, believes, and therefore avers, that the proposed sale is in the best interest of the creditors of the Bankruptcy Estate

WHEREFORE, the Trustee moves for the entry of an Order:

A.  Authorizing the sale of the Property to the purchaser free and clear of all liens, encumbrances, or interests of any party; and

B.  Authorizing the Trustee to take any all actions and to execute any and all documents necessary and appropriate to effectuate and consummate the terms of said sale of the Property free and clear of all liens, encumbrances, or interests, including without limitation, executing a deed conveying the interests of the Debtor or any other party claiming an interest in the Property to the Purchaser (executing a deed on behalf of Debtor and any necessary third parties); and

C.  Waiving the 14-day stay of the sale as provided by Rule 6004(h); and

D.  Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted

/s/ Theresa M. Bender
THERESA M. BENDER, Esq.
CHAPTER 7 TRUSTEE
P.O. Box 14557
Tallahassee, FL 32317
FL Bar No. 0749486
(850) 207-7777
Tmbenderch7@yahoo.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this day, a true and correct copy of the foregoing Motion to Sell Real Property Free and Clear of Liens, Encumbrances and Interests has been furnished by

first class mail, postage prepaid, or via electronic transmission to those parties by and through their attorneys as filed with the Court:

By U.S. Mail: Debtors:
TUSCAWILLA HILLS DEVELOPMENT, INC.
635 NW 13TH STREET
GAINESVILLE, FL 32601

By Electronic Service:
SHARON T. SPERLING
P. O. BOX 358000
GAINESVILLE, FL. 32365
United States Trustee
110 E. Park Ave, Suite 128
Tallahassee, FL. 32301

Jeffrey R. Dollinger
SCRUGGS & CARMICHAEL, P.A.
One SE First Ave.
Gainesville, FL. 32601
dollinger@scruggs-carmichael.com

Charles Edwards, Assistant U.S. Trustee
110 East Park Ave
Suite 128
Tallahassee, Florida 32301.


Date: April 24, 2014.                                    /s/ Theresa M. Bender
                                                         THERESA M. BENDER